UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05441-SVW-SHK | Date | October 14, 2020 |
|---|---|---|---|
| Title | *Elias Shiber and CANA, Inc. v. Have a Heart Compassion Care, Inc. and Ryan Kunkel* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER GRANTING MOTION TO CONFIRM ARBITRATOR'S AWARD [16] AND DENYING MOTION TO VACATE ARBITRATOR'S AWARD [14].

Elias Shiber ("Shiber") and CANA, Inc. ("CANA") (collectively "Petitioners") filed the instant suit in Los Angeles Superior Court seeking to vacate an arbitration award in favor of Have a Heart Compassion Care, Inc. ("HAH") and Ryan Kunkel ("Kunkel") (collectively "Respondents"). Respondents removed the case to federal court on June 18, 2020.

Before the Court is Petitioners' motion to vacate the arbitration award and Respondents' motion to confirm the arbitration award. For the below reasons, Respondents' motion is GRANTED and Petitioners' motion is DENIED.

I.      **Factual and Procedural Background**

In 2017, Shiber formed CANA, a non-profit California corporation that acquired licenses to operate recreational marijuana dispensaries in Maywood, California. Petitioner's Motion ("Pet. Mot.") at 2. Shiber was the sole shareholder of CANA. *Id.* Shiber sought to sell the licenses along with a long-term lease for property where the licenses could be used. *Id.*

In February 2018, Shiber accomplished his goal when he entered into four agreements with Respondents. The first agreement was a "Cannabis License Assignment Agreement" (hereinafter "License Assignment") in which Shiber agreed to assign to HAH the rights under the four cannabis licenses issued by the City of Maywood. *See* Dkt. 16-3. The second agreement was a "Commercial Property Lease Agreement" (hereinafter "Lease Agreement") in which Shiber agreed to lease

|   | : |  |
|---|---|---|
|   | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05441-SVW-SHK | Date | October 14, 2020 |
|---|---|---|---|
| Title | *Elias Shiber and CANA, Inc. v. Have a Heart Compassion Care, Inc. and Ryan Kunkel* | | |

commercial real property in Maywood to HAH for five-year renewable terms up to ninety-five years. *See* Dkt. 16-4. In the third and fourth agreements, Kunkel agreed to personally guarantee HAH's obligations under the License Assignment and the Lease Agreement. *See* Dkts. 16-5, 16-6.

The License Assignment and the Lease Agreement each contained provisions under which the obligations and rights of the parties were contingent on the effective assignment of the licenses to operate recreational marijuana dispensaries from Shiber to HAH. *See* License Assignment at 3 ("The scope and effect of the Parties' rights and duties under this Assignment are subject to and contingent upon [Shiber's] assignment, transfer, and delivery to [HAH] of 4 cannabis Licenses . . . ."); *see also* Lease Agreement at 3 ("The scope and effect of the Parties' rights and duties under this Lease are subject to and contingent upon [Shiber's] assignment, transfer, and delivery to [HAH] of 4 cannabis Licenses . . . ."). Both agreements identified criteria that the licenses must satisfy and expressly stated that, if the licenses fail to satisfy the required criteria, "both Parties shall mutually and promptly declare that this [agreement] is terminated and/or mutually rescinded." *See* License Assignment at 3; *see also* Lease Agreement at 3.

The relationship between Shiber and HAH began to sour over the course of 2018. Two developments are particularly notable. First, after HAH made substantial progress towards renovations of the property Shiber leased to HAH, city authorities inspected the property and issued a stop order requiring HAH to shut down construction because HAH had engaged in extensive unpermitted construction work. *See* Dkt. 16-7 (Arbitration Demand), Ex. G at 2. The arbitrator later found that Shiber never disclosed the existence of the conditional use permit to HAH or Kunkel and the conditional use permit was limited to a cannabis "grow" operation rather than the commercial dispensary planned by HAH and Kunkel. *See* Dkt. 16-2 (Final Award) at 7.

Second, in November 2018, the City of Maywood refused to allow the purported transfer of the licenses from Shiber to HAH. *See* Arbitration Demand, Ex. G at 3–5; *see also* Final Award at 8.

In January 2019, Respondents filed their mediation and arbitration demand with Judicial Arbitration and Mediation Services, Inc. ("JAMS"). *See* Arbitration Demand at 1. Respondents sought rescission of the License Assignment and the Lease Agreement and relief based on payments made to Shiber and improvements made to the property Shiber leased to HAH. *Id.* at 22. Petitioners responded with claims of their own, including breach of contract, breach of fiduciary duty, and fraud. Final Award at 8.

| | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05441-SVW-SHK | Date | October 14, 2020 |
|---|---|---|---|
| Title | *Elias Shiber and CANA, Inc. v. Have a Heart Compassion Care, Inc. and Ryan Kunkel* | | |

Following approximately one year of proceedings, the arbitrator, Zela G. Claiborne (hereinafter "Arbitrator"), rendered a Final Award.  The Arbitrator found that the conditions for rescission of the License Assignment and the Lease Agreement occurred when the City of Maywood determined that Shiber's licenses could not be assigned.  Final Award at 9.  The Arbitrator rejected Petitioners' claims and awarded Respondents $1,831,034.70 in damages and attorneys' fees.  *See id* at 12.

Petitioners filed a petition to vacate the final award in Los Angeles Superior Court on May 11, 2020.  Dkt. 1-1.  On June 18, 2020, Respondents removed the case to federal court.  *Id.*  On August 18, 2020, this Court ordered the parties to file competing motions to confirm and to vacate the arbitration award.  Dkt. 12.

## II.    Legal Standard

The parties dispute whether their competing motions are governed by the Federal Arbitration Act ("FAA") or the California Arbitration Act ("CAA").  The Court will address this dispute before outlining the governing legal standard.

### 1.    The FAA Governs the Parties' Competing Motions.

"When an agreement falls within the purview of the FAA, there is a 'strong default presumption . . . that the FAA, not state law, supplies the rules for arbitration.'"  *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1066 (9th Cir. 2010) (quoting *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1269 (9th Cir. 2002)).  "To overcome that presumption, parties to an arbitration agreement must evidence a 'clear intent' to incorporate state law rules for arbitration."  *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1311 (9th Cir. 2004) (quoting *Sovak*, 280 F.3d at 1269).

A general choice-of-law clause in a contract is insufficient to overcome the presumption that the FAA governs.  *Johnson*, 614 F.3d at 1066.  Even general references to California law in an arbitration provision are, on their own, insufficient to overcome the presumption.  *See Fid. Fed. Bank*, 386 F.3d at 1312 (applying FAA where arbitration clause required "arbitration in accordance with the laws of the State of California and the rules of the American Arbitration Association").  Rather, "the parties must explicitly state their intent to incorporate California law *as it relates to arbitration*."  *ValueSelling*

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05441-SVW-SHK | Date | October 14, 2020 |
|---|---|---|---|
| Title | *Elias Shiber and CANA, Inc. v. Have a Heart Compassion Care, Inc. and Ryan Kunkel* | | |

*Assocs., LLC v. Temple*, 2011 WL 2532560 at *2 (S.D. Cal. June 23, 2011), *aff'd*, 520 F. App'x 593 (9th Cir. 2013).

Petitioners argue that the presumption of FAA applicability is overcome here because the FAA is not mentioned anywhere in the License Assignment or Lease Agreement while California law is mentioned several times. *See* Pet. Mot. at 7–8. Petitioners also argue that, even if the FAA would normally govern this case, the Court should apply the CAA because this case was removed to federal court on the basis of diversity jurisdiction and not originally filed in federal court under federal question jurisdiction. *See* Petitioners' Reply ("Pet. Reply") at 4–6.

The Court is not persuaded by either of Petitioners' arguments. First, Petitioners cannot establish the "clear intent" required to overcome the presumption of FAA applicability. Contrary to Petitioners' argument, the mere absence of the words "Federal Arbitration Act" or "FAA" in the arbitration provision bears little weight on the inquiry. Rather, the "strong default *presumption*" is that the FAA supplies the rules for arbitration, and only a "clear intent" otherwise will defeat that presumption. *Johnson*, 614 F.3d at 1066 (emphasis added).

Here, the language that Petitioners rely on does not establish a clear intent that arbitration be governed by the CAA. For example, Petitioners point to language in the agreements in which HAH agrees to comply with California law and disavow federal law. Pet. Mot. at 8. However, these provisions relate to operating a cannabis dispensary: the agreement to comply with California law requires HAH to operate its cannabis business "in full compliance with applicable California state law," and the provision disavowing federal law merely states that HAH "shall not be required to comply with federal law *as it applies to* the cultivation, processing, refining, modifying, packaging, distribution, sale and/or use of cannabis/marijuana." License Assignment at 5, 8; Lease Agreement at 4, 12. Neither of these provisions relates to arbitration and, accordingly, they cannot supply the "clear intent" necessary to overcome the presumption of FAA applicability. *See ValueSelling*, 2011 WL 2532560 at *2.

Indeed, the key clause for the purposes of this inquiry—*i.e.*, the arbitration provision—does not specify any body of law whatsoever. Rather, it merely states that any disputes between the parties "shall be determined by arbitration in Los Angeles County, CA, before one arbitrator" from JAMS. *See* License Assignment at 10; Lease Agreement at 14. This absence of any reference to a particular body of law in the arbitration provision is insufficient to establish the "clear intent" that the arbitration be governed by the CAA. *See Johnson*, 614 F.3d at 1066; *see also Sir Taj Hotel, LLC v. Essex Ins. Co.*,

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer |  | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05441-SVW-SHK | Date | October 14, 2020 |
|---|---|---|---|
| Title | *Elias Shiber and CANA, Inc. v. Have a Heart Compassion Care, Inc. and Ryan Kunkel* | | |

2016 WL 6645793, at \*5 (C.D. Cal. Feb. 3, 2016) (finding FAA applied because arbitration provision "has no language as to any express choice of law as to the application of the arbitration agreement").

Second, the Court is not persuaded by Petitioners' argument that this case should be treated differently because it was removed to federal court on the basis of diversity jurisdiction. Petitioners fail to identify a single case that supports their argument. And, as Respondents correctly point out, federal courts routinely apply the FAA to petitions to confirm or vacate arbitration awards where the petition was originally filed in state court and subsequently removed to federal court on the basis of diversity jurisdiction. *See, e.g.*, *Sir Taj Hotel*, 2016 WL 6645793 at \*1, 5.

Accordingly, the Court finds that the competing motions to vacate and confirm the Arbitrator's final award are governed by the FAA.

**2.     Standard of Review Under the FAA**

The FAA provides that written arbitration agreements in contracts "evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting 9 U.S.C. § 2). If a valid arbitration clause exists, a district court must confirm the arbitration award unless it is "vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Although district courts are permitted to review an arbitration award, that review is "both limited and highly deferential." *Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (internal citations and quotations omitted).

The Supreme Court has held that 9 U.S.C. § 10 provides the exclusive means to overturn an arbitrator's award under the FAA. *See Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008). Under § 10, a district court can only vacate an arbitration award under limited circumstances: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05441-SVW-SHK | Date | October 14, 2020 |
|---|---|---|---|
| Title | *Elias Shiber and CANA, Inc. v. Have a Heart Compassion Care, Inc. and Ryan Kunkel* | | |

executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a).

In the Ninth Circuit, "[c]ourts have interpreted [§ 10] narrowly." *See Todd Shipyards Corp. v. CunardLine, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991). "Unless the award is vacated as provided in §10 . . . 'confirmation is required even in the face of erroneous findings of fact or misinterpretations of law.'" *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640 (9th Cir. 2010) (citing *Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc)). This gives courts "extremely limited review authority" absent gross misconduct. *Kyocera Corp.*, 341 F.3d at 998.

**III.    Analysis**

Petitioners make three substantive arguments in favor of vacating the arbitration award: (1) CANA was not a signatory to the agreements and, accordingly, the Arbitrator lacked jurisdiction to bind CANA in the Final Award; (2) the Arbitrator engaged in misconduct by demonstrating favoritism and bias towards Respondents; and (3) rescission of the contract was beyond the scope of the Arbitrator's authority. Petitioners also argue that Respondents' motion should be denied on procedural grounds because they failed to answer the petition to vacate the Final Award in a timely manner.

The Court will address each argument in turn.

**1.    CANA is Bound by the Final Award**

Petitioners argue that CANA is not bound by the Final Award because CANA is not a signatory to either the License Assignment or the Lease Agreement. Pet. Mot. at 8–9. In support of their argument, Petitioners note that their answer to the arbitration demand included an affirmative defense regarding the lack of jurisdiction. *Id.* at 8.

Respondents counter by noting that the Petitioners' affirmative defense was imprecise: it did not state that the Arbitrator lacked jurisdiction but rather that "the *court* has no jurisdiction." Dkt. 16-8 (Answer to Arbitration Demand) at ¶ 22; *see also* Respondents' Motion ("Resp. Mot.") at 11. Respondents also argue that CANA waived any argument regarding jurisdiction. Specifically, Respondents note that the Arbitrator held a case management conference on May 6, 2019, and the

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05441-SVW-SHK | Date | October 14, 2020 |
|---|---|---|---|
| Title | *Elias Shiber and CANA, Inc. v. Have a Heart Compassion Care, Inc. and Ryan Kunkel* | | |

agenda for that conference included the following item: "2. Is there a party not specifically named in the clause? Do the parties object to inclusion of that party?" Dkt. 8-5. Respondents' counsel claims that, at the case management conference, the Arbitrator expressly asked about jurisdictional challenges. Dkt. 16-1 (Murphy Decl.) at ¶ 9. Respondents' counsel alleges that Petitioners' counsel stated clearly that Petitioners were not making any such challenges. *Id.* Petitioners' counsel filed his own declaration in which he disputes Respondents' allegations. Dkt. 17-1 (Afifi Decl.) at ¶ 4.

The Court need not speculate about what happened at the case management conference or resolve whether CANA waived a jurisdictional defense because the Court is persuaded that CANA is bound by the Final Award under another theory: the Arbitrator found that CANA is Shiber's alter-ego.

In the Ninth Circuit, "nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (internal citations omitted). One of these ordinary principles includes the alter ego theory: if the nonsignatory is merely an alter ego of the signatory, the nonsignatory will be bound by the agreement just as the signatory is. *See id.*

Here, the Arbitrator expressly ruled on this issue. Specifically, she found that, "[a]s shown at the hearings, CANA is the alter ego of Shiber." Final Award at 1 n.1. Accordingly, CANA is bound by the arbitration agreement and the Final Award rendered as a result of that agreement. *See Comer*, 436 F.3d at 1101.

To the extent that the Petitioners argue that the Arbitrator lacked the authority to find that CANA is Shiber's alter ego, the Court rejects that argument. To be sure, whether a nonsignatory is bound by an arbitration agreement by virtue of its alter ego relationship with a signatory is a gateway question of arbitrability—*i.e.*, a question regarding whether the parties have actually agreed to arbitrate, whether their agreement covers a particular controversy, or whether a particular party is bound by the arbitration agreement. *See Carpenters 46 N. California Ctys. Conference Bd. v. Zcon Builders*, 96 F.3d 410, 414 (9th Cir. 1996). Such threshold questions of arbitrability are traditionally reserved for the courts to decide. *See John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 547 (1964).

However, "parties can agree to arbitrate 'gateway' questions of 'arbitrability.'" *Rent-A-Ctr. West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010). This principle was reaffirmed recently in *Henry Schein, Inc. v. Archer & White Sales, Inc.*, where the Supreme Court explained as follows: "When the

Initials of Preparer                    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05441-SVW-SHK | Date | October 14, 2020 |
|---|---|---|---|
| Title | *Elias Shiber and CANA, Inc. v. Have a Heart Compassion Care, Inc. and Ryan Kunkel* | | |

parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract.  In those circumstances, a court possesses no power to decide the arbitrability issue." 139 S. Ct. 524, 529 (2019).  In the Ninth Circuit, gateway issues can be expressly delegated to the arbitrator if the parties "clearly and unmistakably" agree to such delegation.  *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).

The language in the arbitration provision here allows the Arbitrator to decide gateway questions of arbitrability, including whether CANA was an alter-ego of Shiber.  First, the agreement expressly states that "[a]ny dispute, claim, or controversy arising out of or related to this Assignment or the breach, termination, enforcement, interpretation, or validity thereof, *including the determination of the scope or applicability of this Assignment to arbitrate . . .* shall be determined by arbitration in Los Angeles County, CA, before one arbitrator."  License Assignment at 10; *see also* Lease Agreement at 14.  Courts interpreting provisions with similar language have concluded that the provisions delegated gateway questions of arbitrability to the arbitrator.  *See, e.g.*, *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011); *Garcia v. Dell, Inc.*, 905 F. Supp. 2d 1174, 1176 (S.D. Cal. 2012).

Second, courts have found a valid delegation of arbitrability questions where the arbitration provision requires that any arbitration be governed by standardized rules.  For example, in *Brennan*, the Ninth Circuit held that incorporation of the American Arbitration Association ("AAA") rules—which allow the arbitrator to rule on his or her own jurisdiction—constitutes clear and unmistakable evidence of delegation.  *See* 796 F.3d at 1130.

Here, the arbitration provision states that the arbitration "shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures."  License Assignment at 10; *see also* Lease Agreement at 14.  Although the JAMS rules are not identical to the AAA rules, they do include a provision authorizing the arbitrator to "determine jurisdiction and arbitrability issues as a preliminary matter."  *See* Dkt. 17-3 (JAMS Comprehensive Arbitration Rules and Procedures) at Rule 11(b). Indeed, although the Ninth Circuit has not expressly addressed whether incorporation of the JAMS rules in an arbitration provisions provides the "clear and unmistakable" evidence required to establish delegation of arbitrability questions, a number of circuit and district courts have answered that question in the affirmative.  *See Amtax Holdings 463, LLC v. KDF Communities-Hallmark, LLC*, 2018 WL 4743386, at *5 (C.D. Cal. Jan. 9, 2018) (collecting cases).

Accordingly, the Court finds that the Arbitrator had the authority to decide threshold questions of

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05441-SVW-SHK | Date | October 14, 2020 |
|---|---|---|---|
| Title | *Elias Shiber and CANA, Inc. v. Have a Heart Compassion Care, Inc. and Ryan Kunkel* | | |

arbitrability, including whether CANA is bound to the arbitration agreement by virtue of an alter ego relationship with Shiber. Because the Arbitrator did in fact find that CANA is Shiber's alter ego, CANA is bound by the Final Award.

2.     **The Arbitrator Did Not Exhibit Evident Partiality During the Arbitration Hearing.**

As noted above, one of the grounds for vacatur under 9 U.S.C. § 10 is the arbitrator's evident partiality. Cases in which courts vacate arbitration awards on the grounds of evident partiality typically involve an arbitrator who has a financial interest in the outcome of the proceedings, a family relationship involving one of the parties or their counsel, or a prior working relationship with one of the parties or their counsel. *See Hernandez v. Smart & Final, Inc.*, 2010 WL 2505683, at *7 (S.D. Cal. June 17, 2010) (collecting cases). However, "[a]bsent some sort of overt misconduct, a disappointed party's perception of rudeness on the part of an arbitrator is not the sort of 'evident partiality' contemplated by the [FAA] as grounds for vacating an award." *Fairchild & Co. v. Richmond, F. & P. R. Co.*, 516 F. Supp. 1305, 1313 (D.D.C. 1981).

Petitioners contend that the Arbitrator demonstrated evident partiality during the hearing. Specifically, Petitioners claim that the Arbitrator exhibited favoritism and bias towards Respondents by complimenting their successful businesses, sharing her experiences in cannabis related matters, using a tablet and/or cell phone during the hearing,[1] and repeatedly interrupting Petitioners' counsel during questioning and oral presentations. Petitioners believe that this conduct was a result of a racist bias against Shiber and his counsel. Dkt. 14-14 (Shiber Decl.) at ¶ 11.

In support of their argument, Petitioners identify portions of the hearing transcript that allegedly demonstrate the above misconduct. *See* Pet. Mot. at 10–15; *see also* Dkt 14-15 (Afifi Decl.) at ¶¶ 11–13. Petitioners also attached pictures of the Arbitrator using her digital devices during the hearing.[2]

---

[1] Respondents' counsel stated that the Arbitrator repeatedly advised both parties off the record that she "takes notes and uses her digital devices as notetaking and aides in support of her service as a neutral." Dkt. 16-1 (Murphy Decl.) at ¶ 15.

[2] The Court notes that it is skeptical of the propriety of capturing images of the Arbitrator without her consent during a confidential arbitration hearing and publicly filing those images in this case.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05441-SVW-SHK | Date | October 14, 2020 |
|---|---|---|---|
| Title | *Elias Shiber and CANA, Inc. v. Have a Heart Compassion Care, Inc. and Ryan Kunkel* | | |

Dkts. 14-1, 14-2, 14-3.

Having reviewed all of Petitioners' supporting materials, the Court rejects Petitioners' argument for two reasons.

First, there is no evidence whatsoever indicating that the Arbitrator was racially biased against Petitioners and their counsel. Petitioners' argument in this regard is pure conjecture and speculation, and the Court need not address it further.

Second, many of the alleged instances of misconduct simply do not rise to the level of bias or favoritism and are instead moments in which the Arbitrator sought to move the proceedings along and focus the parties on the fundamental issues in the case—*i.e.*, instances in which the Arbitrator was simply doing her job. Petitioners identify over fifty instances of alleged favoritism in the hearing transcripts, *see* Dkt. 14-15 (Afifi Decl.) at ¶¶ 11–13, and the Court need not address each and every allegation. By way of example, however, Petitioners cite to a number of instances in which the Arbitrator allegedly made disrespectful comments to Shiber's counsel and interrupted him. Pet. Mot. at 13. Yet, a review of these excerpts reveals nothing more than an arbitrator who is ensuring that the parties are focusing on the dispositive issues in the case without delay, albeit by interrupting Petitioners' counsel and expressing frustration at times. *See* Dkt. 14-6 at 256:3-257:18; Dkt. 14-7 at 75:2-76:5, 76:21-23, 120:1-121:7, 151:6-19, 163:1-8; Dkt. 14-8 at 35:5-17, 154:4-13, 154:24-155:6, 217:18-218:23; Dkt. 14-9 at 87:2-90:8.

As the court in *Fairchild* explained, this conduct is not the sort that the FAA contemplates as grounds for vacatur:

> During the course of a hearing, it is to be expected that an arbitrator may develop an opinion and perhaps even express it. In addition, since the advantages of arbitration are speed and informality, an arbitrator should be expected to act affirmatively to simplify and expedite the proceedings before him. Accordingly, it is not surprising that within the informal confines of an arbitration proceedings, an unsuccessful party eventually may perceive the demeanor of an arbitrator as less than satisfactory. Similarly, an arbitrator's legitimate efforts to move the proceedings along expeditiously may be viewed as abrasive or disruptive to a disappointed party.

|  |  | : |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05441-SVW-SHK | Date | October 14, 2020 |
|---|---|---|---|
| Title | *Elias Shiber and CANA, Inc. v. Have a Heart Compassion Care, Inc. and Ryan Kunkel* | | |

Nevertheless, such displeasure does not constitute grounds for vacating an arbitration award.

516 F. Supp. at 1313 (internal citations omitted).

Accordingly, the Court finds that the Arbitrator did not exhibit the sort of evident partiality that constitutes grounds for vacatur.

### 3. The Arbitrator Did Not Exceed the Bounds of Her Authority When She Granted Rescission.

Petitioners argue that the Arbitrator exceeded her authority when she granted rescission. Specifically, they argue that, although the contract itself allows rescission if Petitioners' licenses could not be assigned to HAH, the Arbitrator erred in finding that the licenses were not assignable. Pet. Mot. at 16. Petitioners further argue that the Respondents did not seek rescission in a timely manner. *Id.* at 17.

Petitioners' burden to prove that the Arbitrator exceeded her powers is exceptionally high. In the Ninth Circuit, "courts must not decide the rightness or wrongness of the arbitrators' contract interpretation" and instead must only decide "whether the panel's decision draws its essence from the contract." *Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1024 (9th Cir. 1991). "Arbitrators exceed their powers in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational or exhibits a manifest disregard of law." *Kyocera*, 341 F.3d at 997. "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced [s]he committed serious error does not suffice to overturn h[er] decision." *United Paperworkers Intern. Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)

Petitioners cannot meet their burden here. The contract expressly allows for rescission in the event that the licenses to operate a cannabis dispensary cannot be transferred to HAH. *See* License Assignment at 3; *see also* Lease Agreement at 3. In November 2018, the City of Maywood refused to allow the purported transfer of the licenses from Shiber to HAH. *See* Arbitration Demand, Ex. G at 3–5; *see also* Final Award at 8. Under these circumstances, the Court cannot conclude that the Arbitrator's decision was completely irrational or exhibited a manifest disregard of the law. *See Kyocera*, 341 F.3d at 997. Accordingly, the Arbitrator did not exceed her powers when she granted rescission. *See id.*

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05441-SVW-SHK | Date | October 14, 2020 |
|---|---|---|---|
| Title | *Elias Shiber and CANA, Inc. v. Have a Heart Compassion Care, Inc. and Ryan Kunkel* | | |

**4.      Respondents' Untimely Answer Did Not Prejudice Petitioners.**

Petitioners argue that they were prejudiced by Respondents' failure to answer the petition to vacate the arbitration award in a timely manner.  Specifically, Petitioners served Respondents with the petition to vacate on May 21, 2020 and, even granting additional time based on Respondents' removal of the case to federal court, Respondents were required to answer the petition by June 25, 2020.  Pet. Mot. at 3.  Nevertheless, Respondents did not answer until July 9, 2020.  Dkt. 8.

Respondents counter that their notice of removal expressly advised Petitioners and the Court that Respondents would be filing their answer 21 days after removal.  Dkt. 22 (Respondents' Reply Brief) at 8.  Respondents also note that Petitioners failed to raise this timeliness argument until September 7, 2020, when they filed their reply brief in support of their motion to vacate the Final Award.  *Id.*

The Court rejects Respondents' contention that their statement in the notice of removal—that they would be filing their answer in 21 days—allowed them to file their answer on July 9, 2020.  The Federal Rules are clear: a defendant who did not answer before removal must do so 7 days after the notice of removal is filed.  Fed. R. Civ. P. 81(c)(2)(C).  A party may not unilaterally extend a deadline simply by providing notice to the opposing parties and the court.  Respondents fail to identify any authority that supports their contrary position.

Nevertheless, the Court finds that Respondents' failure to answer the petition in a timely manner did not prejudice Petitioners.  Petitioners had a number of opportunities to raise the timeliness of Respondents' answer with the court.  For example, Petitioner could have sought an entry of default from the Clerk or raised the issue on their own motion with the court at any time after the answer was due on June 25, 2020.  Instead, Petitioners waited to allege untimeliness until they filed their reply brief on September 7, 2020—well after Respondents filed their answer, the Court set a briefing schedule, and both parties submitted competing motions to vacate and confirm the Final Award.  Under these circumstances, the Court is not persuaded that Petitioners are prejudiced by Respondents' untimely answer.  *Cf. NLRB v. Zeno Table Co.*, 610 F.2d 567, 569 (9th Cir. 1979) (excusing failure to file timely answer in administrative hearing where "it does not appear that the short delay occasioned by [the] untimely filing caused any prejudice to any party").

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05441-SVW-SHK | Date | October 14, 2020 |
|---|---|---|---|
| Title | *Elias Shiber and CANA, Inc. v. Have a Heart Compassion Care, Inc. and Ryan Kunkel* | | |

**IV.    Conclusion**

For the foregoing reasons, Petitioners' motion to vacate the Final Award is DENIED. Respondents' competing motion to confirm the Final Award is GRANTED.  The Final Award is hereby confirmed.

IT IS SO ORDERED.

:

| Initials of Preparer | PMC |
|---|---|